TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
NICHOLAS R. BOTTCHER, OSB No. 245683
nicholas.bottcher@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendants Tapestry, Inc. and
Coach Services, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| AMANDA CURRY, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>TAPESTRY, INC., a Maryland corporation; and COACH SERVICES, INC., a Maryland corporation,<br><br>                   Defendants. | Case No. 6:26-cv-00429-MTK<br><br>**DEFENDANTS' MOTION TO DISMISS**<br><br><br>**REQUEST FOR ORAL ARGUMENT** |

## LR 7-1(a) CERTIFICATION

In compliance with Local Rule 7-1(a), counsel for Defendants Tapestry, Inc. and Coach Services, Inc. certifies that on May 21, 2026, counsel conferred in good faith with counsel for Plaintiff Amanda Curry ("Plaintiff") to resolve the issues described in this Motion, but the Parties have been unable to resolve the issues in dispute.

Page 1 – DEFENDANTS' MOTION TO DISMISS

## MOTION

Defendants Tapestry, Inc. and Coach Services, Inc. ("Defendants") hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Amanda Curry's ("Plaintiff") claim for Unjust Enrichment and any request for restitution or disgorgement. This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the records and files in this action, any argument that may be requested at the hearing, and any other matters this Court deems necessary.[1]

## MEMORANDUM

### I.    INTRODUCTION

Plaintiff's claim for Unjust Enrichment must be dismissed because she has an available and adequate legal remedy under the Oregon Unlawful Trade Practices Act ("UTPA"). As the Ninth Circuit determined in *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834 (9th Cir. 2020), the availability of that legal remedy precludes Plaintiff from pursuing in parallel or in the alternative any claim for equitable monetary relief in the Complaint. This Court should join the multitude of courts holding that the availability of a legal remedy under a state statute precludes equitable relief and accordingly dismiss with prejudice Plaintiff's claim for Unjust Enrichment.

### II.   THE COMPLAINT'S ALLEGATIONS

Plaintiff alleges she purchased two items from a Kate Spade Outlet store, both of which were advertised with a "Comparable Value" price. (Dkt. 1, Compl. ¶¶ 59–60.) She further alleges that "[t]here were prominent signs on the KSO store's windows and posted throughout the store advertising large percentage-off discounts," but no in-store signage "identified what products, retailers, or prices were used to service the … 'comparable value' price." (*Id.* ¶¶ 60–61.) Based on these allegations, Plaintiff asserts two claims for relief: (1) violation of the UTPA and (2) Unjust Enrichment. As to the former, Plaintiff asserts that she suffered actual damage due to

---

[1] Defendants are investigating the merits of a motion to compel arbitration of Plaintiff's claims, and in bringing this Motion, reserve their rights to file such a motion pending the results of that investigation.

Page 2 – DEFENDANTS' MOTION TO DISMISS

Defendants' practices. Specifically, she alleges that Defendants' practices failed to comply with the UTPA and "Plaintiff and the Class members suffered ascertainable loss when they paid money in connection with those prohibited transactions." (*Id*. ¶ 119.) This loss is alleged to be "equal to the full amount paid[.]" (*Id.*)

The latter claim for Unjust Enrichment is premised on the same factual predicate as the UTPA claim—that Plaintiff enriched Defendants when she "purchased merchandise priced using fabricated or unsubstantiated 'Comparable Value' reference prices." (*Id*. ¶ 134.) On this claim, Plaintiff seeks relief in the form of restitution and/or disgorgement. (*Id.* ¶ 136.)

## III.    LEGAL STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (citation omitted). The motion should be granted when the complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[L]abels and conclusions" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (second brackets in original, citation omitted). Nor do "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, … suffice." *Id.* Dismissal is proper where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

## IV.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

### A.    *Sonner* Requires a Plaintiff Pursuing Equitable Monetary Relief to Demonstrate the Inadequacy of a Remedy at Law

A plaintiff cannot pursue equitable claims or remedies unless she (at minimum) plausibly alleges the lack of an adequate remedy at law. *See Sonner*, 971 F.3d at 844 ("a complaint seeking equitable relief" that does "not plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law'" fails (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974))); *Banks v. R.C. Bigelow, Inc.*, 536 F. Supp. 3d 640, 649 (C.D. Cal. May 3, 2021) ("District court[] cases following *Sonner* have dismissed equitable claims for failure to allege an

153076043.1 0085336-00001

inadequate remedy at law." (collecting cases)). Courts in the Ninth Circuit regularly apply this rule to equitable claims brought alongside damages claims under state statutes. *See, e.g., Sonner*, 971 F.3d at 845 (California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA")); *Clark v. Eddie Bauer LLC*, No. 21-35334, 2024 U.S. App. LEXIS 1066, at *3–4 (9th Cir. Jan. 17, 2024) (the UTPA); *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312–13 (9th Cir. 2022) (CLRA and UCL), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612 (2023); *In re Intel Corp. Cpu Mktg.*, No. 3:18-md-2828-SI, 2021 U.S. Dist. LEXIS 59634, at *34–35 (D. Or. Mar. 29, 2021) (UCL); *Elizabeth M. Brynes, Inc. v. Fountainhead Com. Cap., LLC*, No. CV 20-04149 DDP (RAOx), 2021 U.S. Dist. LEXIS 149146, at *8–9 (C.D. Cal. Aug. 6, 2021) (UCL and California's False Advertising Law ("FAL")); *Gardiner v. Walmart Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 211251, at *12 (N.D. Cal. July 28, 2021) (UCL); *Williams v. Tesla, Inc.*, No. 20-cv-08208-HSG, 2021 U.S. Dist. LEXIS 115279, at *19–22 (N.D. Cal. June 21, 2021) (CLRA, UCL, and FAL); *Banks*, 536 F. Supp. 3d at 649 (same).

To demonstrate the inadequacy of a legal remedy, plaintiffs seeking equitable relief must allege "facts suggesting that damages are insufficient to make them whole." *Ibarra v. Pharmagenics LLC*, 660 F. Supp. 3d 914, 922 (C.D. Cal. 2023) (collecting cases); *Gibson v. Jaguar Land Rover N. Am.*, No. CV 20-00769-CJC (GJSx), 2020 U.S. Dist. LEXIS 168724, at *8 (C.D. Cal. Sept. 9, 2020). Those facts must be "substantive allegations showing [plaintiff's] legal claims would not provide [her] an adequate remedy." *Ibarra*, 660 F. Supp. 3d at 922 (citation omitted). The fact that the claim for damages "is predicated on the same conduct" as the equitable claims "undermines any potential inadequacy of legal remedies." *Id.*

### B.     *Sonner* Applies at the Pleadings Stage

The Ninth Circuit has recently affirmed that *Sonner* applies at the pleadings stage. *See In re Apple Processor Litig.*, No. 22-16164, 2023 U.S. App. LEXIS 24257, at *5–6 (9th Cir. Sept. 13, 2023). In *In re Apple*, the Ninth Circuit found that, under *Sonner*, the "Plaintiffs were obligated" at the pleadings stage "to allege that they had no adequate legal remedy in order to state a claim for equitable relief, and they have 'fail[ed] to explain' how the money they seek through

Page 4 – DEFENDANTS' MOTION TO DISMISS

restitution is any different than the money they seek as damages." *Id*. (brackets in original, citation omitted). *In re Apple* has been relied on by district court decisions in dismissing equitable claims at the pleadings stage under *Sonner*. *See, e.g.*, *Kryzek v. Openx Techs., Inc.*, 817 F. Supp. 3d 857, 870 (N.D. Cal. 2026) (finding plaintiff had failed to state claim for equitable relief where plaintiff failed to allege lack of an adequate legal remedy); *Semien v. Pubmatic Inc.*, No. 25-cv-03164-SI, 2026 U.S. Dist. LEXIS 15196, at *30 (N.D. Cal. Jan. 27, 2026) (same); *Gilligan v. Experian Data Corp.*, No. 25-cv-02873-RFL, 2026 U.S. Dist. LEXIS 1907, at *11 (N.D. Cal. Jan. 6, 2026) (same); *Phillips v. Brooklyn Bedding LLC*, No. 23-cv-03781-RFL, 2024 WL 2830663, at *1 (N.D. Cal. Mar. 28, 2024) (same); *In re Acellion, Inc. Data Breach Litig.*, 713 F. Supp. 3d 623, 648 (N.D. Cal. 2024) (same).

### C.    Plaintiff Does Not Plausibly Allege She Lacks an Adequate Legal Remedy

Under the applicable legal standards, Plaintiff's Unjust Enrichment claim cannot survive a Rule 12 motion because she has not plausibly alleged that she lacks an adequate legal remedy, as required by *Sonner* and its progeny. The Complaint is deficient in at least three respects.

*First*, Plaintiff's UTPA claim provides an adequate legal remedy for the identical harm she seeks to remedy through equity. Both claims rest on the same "factual predicates": that Plaintiff and class members paid more than they otherwise would have, to Defendants' benefit. (Compl., ¶ 115.) This type of "overpayment" is precisely the type of alleged harm that can be addressed by damages. *Accord Scruggs v. Mars, Inc.*, No. 2:22-cv-05617-JAK (AFMx), 2023 U.S. Dist. LEXIS 96022, at *27 (C.D. Cal. May 22, 2023) ("equitable restitution … provide[s] a retrospective remedy that is already available in the form of compensatory damages"), *vacated in part on other grounds, Scruggs v. Mars, Inc.*, 2023 U.S. Dist. LEXIS 212597 (C.D. Cal. Nov. 9, 2023). Where, as here, the alleged harm each claim seeks to address is "not really different," *Julian v. TTE Tech., Inc.*, No. 20-cv-02857-EMC, 2020 U.S. Dist. LEXIS 215039, at *11 (N.D. Cal. Nov. 17, 2020), and a damages claim "is predicated on the same conduct" as the equitable claim, that overlap "undermines any potential inadequacy of remedies." *Ibarra*, 660 F. Supp. 3d at 922.

Page 5 – DEFENDANTS' MOTION TO DISMISS

153076043.1 0085336-00001

Underscoring that Plaintiff has failed in her pleading burden, her Unjust Enrichment claim is pled to address only alleged *past* harm, not *future harm*. (Compl. ¶ 134 ("Plaintiff and Class members conferred a benefit on Defendants when they purchased merchandise[.]").) Because Plaintiff's UTPA claim offers a legal remedy for the same conduct, her backwards-looking equitable relief is precluded under *Sonner* and its progeny. *See Guzman*, 49 F.4th at 1312–13.

**Second**, even if Plaintiff had alleged different harms, she has failed to plausibly allege that her damages remedy under the UTPA is legally inadequate. In an attempt to carry her burden, Plaintiff alleged that "[m]onetary relief alone cannot remedy the ongoing nature of Defendants' unlawful trade practices," (Compl. ¶ 125), but such conclusory pleading does not satisfy *Sonner*. For one, such conclusions are not entitled to the presumption of truth. *Axelrod v. Lenovo (United States) Inc.*, No. 21-cv-06770-JSW, 2022 U.S. Dist. LEXIS 60559, at *3–7 (N.D. Cal. Mar. 31, 2022); *see also Kendall v. Visa U.S.A., Inc.*, No. C 04-04276 JSW, 2005 U.S. Dist. LEXIS 21450, at *11 (N.D. Cal. July 25, 2005) (courts are "not bound to accept as true conclusory allegations of low or legal conclusions couched as a factual allegation"). Courts regularly reject such conclusory allegations when conducting a *Sonner* analysis. *See*, *e.g.*, *Marinova v. Mazda Motor of Am., Inc.*, No. 8:22-cv-01453-FWS-JDE, 2023 U.S. Dist. LEXIS 66959, at *15 (C.D. Cal. Apr. 11, 2023); *Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2022 U.S. Dist. LEXIS 69944, at *3–4 (N.D. Cal. Apr. 15, 2022).

Instead, to plausibly allege the inadequacy of her legal remedy, Plaintiff had to make "substantive allegations showing [plaintiff's] legal claims would not provide [her] an adequate remedy." *Ibarra*, 660 F. Supp. 3d at 922 (citation omitted). Yet Plaintiff here has failed to allege any substantive facts distinguishing the availability of damages versus retrospective equitable relief (i.e., restitution, including disgorgement).[2] This is a pleading burden that she will not be able to carry because, as stated, Plaintiff's UTPA claim is based on the same facts as her Unjust Enrichment claim. Thus, Plaintiff's Unjust Enrichment claim does not satisfy *Sonner* and must be

---

[2] *Sonner* "applies to other types of equitable relief, such as disgorgement." *Id.*

Page 6 – DEFENDANTS' MOTION TO DISMISS

dismissed with prejudice. *Unigestion Holdings, S.A. v. UPM Tech., Inc.*, 580 F. Supp. 3d 932, 954–55 (D. Or. 2022) (dismissing unjust enrichment claim where adequate remedy at law existed).

**Third**, and finally, Plaintiff cannot save her Unjust Enrichment claim by arguing she may plead it in the alternative. This exact argument "has been explicitly rejected by numerous courts post-*Sonner*." *Clevenger v. Welch Foods Inc.*, No. SACV 20-01859-CJC (JDEx), 2022 U.S. Dist. LEXIS 235432, at *10 (C.D. Cal. Dec. 14, 2022) (dismissing equitable claims) (collecting cases); *Pittmon v. CACI Int'l, Inc.*, No. CV 21-02044-CJC (JEMx), 2023 U.S. Dist. LEXIS 213968, at *24 (C.D. Cal. Oct. 26, 2023) (dismissing equitable UCL claim; "[N]umerous courts have rejected that pleading in the alternative is sufficient to skirt the import of *Sonner*"); *Ibarra,* 660 F. Supp. 3d at 923 ("Also unavailing is [plaintiff]'s argument that *Sonner* does not preclude pleading claims for legal remedies and equitable remedies in the alternative."). Indeed, "[u]nder *Sonner*, 'the issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy.'" *Clevenger*, 2022 U.S. Dist. 235432, at *10–11 (quoting *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021)); *Ibarra,* 660 F. Supp. 3d at 923 (same, and dismissing UCL and FAL claims entirely and CLRA claim for equitable relief). Thus, it does not matter that Plaintiff has alleged her claim in the alternative, because her failure to plausibly allege she lacks an adequate remedy at law dooms any attempt to state claims for equitable monetary relief. *See, e.g., Clark v. Eddie Bauer LLC*, No. C20-1106-JCC, 2021 U.S. Dist. LEXIS 64280, at *11 (W.D. Wash. Apr. 1, 2021) ("Even if equitable relief is pleaded as an alternate measure of damages, the complaint must *first* provide sufficient allegations to plausibly explain how a legal remedy … [is] inadequate." (emphasis in original)), *rev'd on other grounds, Clark v. Eddie Bauer LLC*, 2024 U.S. App. LEXIS 1066; *see also Shuman v. SquareTrade, Inc.*, No. 20-cv-02725-JCS, 2021 U.S. Dist. LEXIS 212879 (N.D. Cal. Nov. 3, 2021).

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant this Motion and dismiss Plaintiff's claim for Unjust Enrichment.

153076043.1 0085336-00001

Dated: May 26, 2026

STOEL RIVES LLP


/s/ Nicholas R. Bottcher
TIMOTHY W. SNIDER OSB No. 034577
timothy.snider@stoel.com
NICHOLAS R. BOTTCHER OSB No. 245683
nicholas.bottcher@stoel.com

*Attorneys for Defendants Tapestry, Inc. and
Coach Services, Inc.*

Page 8 – DEFENDANTS' MOTION TO DISMISS

153076043.1 0085336-00001