TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
NICHOLAS R. BOTTCHER, OSB No. 245683
nicholas.bottcher@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Telephone: 503.224.3380
Facsimile: 503.220.2480

Abby H. Meyer (*pro hac vice*)
ameyer@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
Telephone: 714.424.2811
Fax: 415.434.9100

Julia C. Anderson (*pro hac vice*)
janderson@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: 415.774.2909
Fax: 415.434.9100

*Attorneys for Defendants Tapestry, Inc. and Coach Services, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| AMANDA CURRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAPESTRY, INC., a Maryland corporation; and COACH SERVICES, INC., a Maryland corporation,<br><br>Defendants. | Case No. 6:26-cv-00429-MTK<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION ALLEGATION COMPLAINT [ECF NO. 1]** |

Defendants Tapestry, Inc. and Coach Services, Inc. ("Defendants"), by and through their undersigned counsel, hereby respond to and answer Plaintiff Amanda Curry's ("Plaintiff") Class Action Allegation Complaint, ECF No. 1 (the "Complaint").

Although not necessary, Defendants reproduce the Complaint's headings for completeness. Such reproduction is not an admission or concession that such headings are factually or legally valid. For the avoidance of doubt, Defendants deny any allegation or purported factual assertion contained within each heading.

## INTRODUCTION

1. Defendants admit that Plaintiff seeks to represent the "class" referenced in Paragraph 1 of the Complaint, but deny that any putative class is appropriate, legally cognizable, or certifiable. Defendants also admit that they operate a Kate Spade Outlet retail store in Oregon and advertise some products alongside a "comparable value" designation. Except as expressly admitted, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants admit that they operate a Kate Spade Outlet store in Oregon and other States in the United States. Defendants also admit that they operate other Kate Spade stores in the United States and maintain a Kate Spade website. Except as expressly admitted, Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants admit that they sell products that bear a "comparable value" designation, but deny that any such "comparable value" designation is a "price" and also deny that the "comparable value" is "often dramatically" higher. On this basis, Defendants deny the allegations in Paragraph 3 of the Complaint which purport to compare any "comparable value" designation to a "price." Additionally, the portions of Paragraph 3 of the Complaint which refer to the effect of "comparable value" designations on consumer perception amount to legal argument and conclusions to which no response is required.

4. Paragraph 4 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

5. Paragraph 5 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

6. Defendants admit that Plaintiff purchased products from the Kate Spade Outlet Store in Oregon. Defendants also admit that Plaintiff purports to represent a "class," but deny that any putative class is appropriate, legally cognizable, or certifiable, or that Plaintiff or any putative class members are entitled to any relief.

7. Defendants admit the first sentence of Paragraph 7 of the Complaint. The remainder of Paragraph 7 contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

9. Paragraph 9 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

10. Paragraph 10 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

11. Paragraph 11 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

## PARTIES

12. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint, and on that basis, deny such allegations.

13. Defendants admit the allegations in the first sentence of Paragraph 13 of the Complaint. Defendants deny the remainder of the allegations in Paragraph 13 of the Complaint.

14. Defendants admit Coach Services, Inc. is a subsidiary of Tapestry, Inc. The remainder of the allegations in Paragraph 14 of the Complaint contain mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

15. Paragraph 15 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

## FACTUAL ALLEGATIONS

### A. Federal and Oregon law prohibit misleading retail price comparisons, which harm consumers.

16. The documents referenced in footnotes 1 and 2 speak for themselves. The remaining allegations in Paragraph 16 of the Complaint contain mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint, and on that basis, deny such allegations.

17. The document referenced in footnote 3 speaks for itself. The remaining allegations in Paragraph 17 of the Complaint contain mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint, and on that basis, deny such allegations.

18. Paragraph 18 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

19. The first sentence of Paragraph 19 of the Complaint contains mere legal argument and conclusions to which no response is required. As to the remainder of Paragraph 19 of the

Complaint, the *Hinojos v. Kohl's Corp.*, 718 F.3d 1098 (9th Cir. 2013), case speaks for itself. To the extent that any further response is required, Defendants deny the allegations.

20. The first and second sentences of Paragraph 20 of the Complaint contain mere legal argument and conclusions to which no response is required. As to the remainder of Paragraph 20 of the Complaint, 16 C.F.R. § 233.2(c) speaks for itself. To the extent that any further response is required, Defendants deny the allegations.

21. Paragraph 21 of the Complaint contains mere legal argument and conclusions to which no response is required. The text of Oregon's Uniform Trade Practices Act speaks for itself. To the extent that any further response is required, Defendants deny the allegations.

22. Paragraph 22 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 22 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

23. Paragraph 23 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 23 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

24. Paragraph 24 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 24 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

25. Paragraph 25 of the Complaint contains mere legal argument and conclusions to which no response is required. The statute cited in Paragraph 25 of the Complaint speaks for itself. To the extent that any further response is required, Defendants deny the allegations.

26. Paragraph 26 of the Complaint contains mere legal argument and conclusions to which no response is required. The text of Oregon's Uniform Trade Practices Act speaks for itself. To the extent that any further response is required, Defendants deny the allegations.

**B. Defendants employ a pervasive and systemic fake discount scheme in violation of federal and Oregon law.**

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in footnote 4 speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

31. Defendants deny the allegations in Paragraph 31 of the Complaint, including because "comparable value" designations are not a "price."

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 33 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

34. Paragraph 34 of the Complaint contains mere legal argument and conclusions to which no response is required. The authority cited in Paragraph 34 of the Complaint speaks for itself. To the extent that any further response is required, Defendants deny the allegations.

35. Paragraph 35 of the Complaint contains mere legal argument and conclusions to which no response is required. The authority cited in Paragraph 35 of the Complaint speaks for itself. To the extent that any further response is required, Defendants deny the allegations.

36. Paragraph 36 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 36 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

37. Paragraph 37 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

38. Paragraph 38 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

39. Paragraph 39 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

40. Defendants admit that there is a Kate Spade Outlet store located at 1001 Arney Road, Suite 904, Woodburn, Oregon 97071. Except as expressly admitted, Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

42. Defendants deny the allegations in Paragraph 42 of the Complaint, including because "comparable value" designations are not a "price."

43. Defendants deny that "comparable value" designations are a "price." Paragraph 43 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

44. Defendants deny that "comparable value" designations are a "price." Paragraph 44 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

45. The image in Paragraph 45 of the Complaint speaks for itself. For this reason, Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny that "comparable value" designations are a "price." Paragraph 46 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Complaint, and on that basis, deny such allegations.

47. Paragraph 47 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants lack

sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Complaint, and on that basis, deny such allegations.

48. Paragraph 48 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 48 of the Complaint, and on that basis, deny such allegations.

49. The image in Paragraph 49 of the Complaint speaks for itself. For this reason, Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 50 of the Complaint, and on that basis, deny such allegations.

51. Defendants deny that "comparable value" designations are a "price." Paragraph 51 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

52. The image in Paragraph 52 of the Complaint speaks for itself. For this reason, Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 53 of the Complaint, and on that basis, deny such allegations.

54. The image in Paragraph 54 of the Complaint speaks for itself. For this reason, Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 55 of the Complaint, and on that basis, deny such allegations.

56. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 56 of the Complaint, and on that basis, deny such allegations.

57. Paragraph 57 of the Complaint contains mere legal argument and conclusions to which no response is required. The documents cited in Paragraph 57 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

58. Paragraph 58 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

**C. Plaintiff's shopping experiences and purchases**

59. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 59 of the Complaint, and on that basis, deny such allegations.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. The image in Paragraph 61 of the Complaint speaks for itself. For this reason, Defendants deny the allegations in Paragraph 61 of the Complaint.

62. The image in Paragraph 62 of the Complaint speaks for itself. For this reason, Defendants deny the allegations in Paragraph 62 of the Complaint.

63. The Kate Spade Outlet website speaks for itself. For this reason, Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

65. The image in Paragraph 65 of the Complaint and the authority cited in footnote 5 speak for themselves. For this reason, Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains mere legal argument and conclusions to which no response is required. Additionally, the image in Paragraph 66 of the Complaint speaks for itself. To the extent that any further response is required, Defendants deny the allegations.

67. Paragraph 67 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

68. Paragraph 68 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

69. The image in Paragraph 69 of the Complaint speaks for itself. For this reason, Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains mere legal argument and conclusions to which no response is required. The document referenced in Paragraph 70 of the Complaint speaks for itself. For this reason, Defendants deny the allegations in Paragraph 70 of the Complaint.

**D. Injunctive relief is necessary.**

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

73. Paragraph 73 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint, and on that basis, deny such allegations.

74. Paragraph 74 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

75. Paragraph 75 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

## CLASS ACTION ALLEGATIONS

**A. Class Definition**

76. Defendants admit that the Complaint purports to bring this action on behalf of Plaintiff and the "Class" described in Paragraph 76 of the Complaint, but deny that any putative class is appropriate, legally cognizable, or certifiable.

77. Paragraph 77 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

78. Paragraph 78 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

79. Defendants admit that the Complaint purports to exclude the persons and entities described in Paragraph 79 of the Complaint, but deny that any putative class is appropriate, legally cognizable, or certifiable.

**B. Numerosity & Ascertainability**

80. Paragraph 80 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

**C. Predominance of Common Questions**

81. Paragraph 81 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

**D. Typicality**

82. Paragraph 82 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

**E. Adequacy**

83. Paragraph 83 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

**F. Superiority**

84. Paragraph 84 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of the Oregon Unlawful Trade Practices Act – ORS §§ 646.605 et seq.**

**(By Plaintiff and the Class)**

85. Defendants incorporate their responses to Paragraphs 1 to 84 herein.

86. Defendants admit that the Complaint purports to bring this action on behalf of Plaintiff and the "Class," but deny that any putative class is appropriate, legally cognizable, or certifiable.

87. Paragraph 87 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

88. Paragraph 88 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

89. Paragraph 89 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

90. Paragraph 90 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

91. Paragraph 91 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

92. Paragraph 92 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

93. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 93 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

***ORS 646.608(1) violation based on failure to comply with ORS 646.883(1)***

94. Paragraph 94 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 94 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

95. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 95 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 95 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

***ORS 646.608(1)(ee) violation based on failure to comply with ORS 646.883(2)***

96. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 96 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

97. Paragraph 97 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 97 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

98. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 98 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 98 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

99. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 99 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 99 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

***ORS 646.608(1)(ee) violation based on failure to comply with ORS 646.885***

100. Paragraph 100 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 100 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

101. Paragraph 101 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

102. Paragraph 102 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 102 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

***ORS 646.608(1)(j) violation***

103. Paragraph 103 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

104. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 104 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 104 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

***ORS 646.608(1)(u) violation***

105. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 105 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 105 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

***ORS § 646.608(1)(e) violation***

106. Paragraph 106 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

107. Paragraph 107 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

***ORS § 646.608(1)(s) violation***

108. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 108 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

109. Paragraph 109 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

***Willful, reckless, and knowing violation***

110. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 110 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

111. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 111 of the Complaint otherwise contains mere legal argument and conclusions to which

no response is required. To the extent that any further response is required, Defendants deny the allegations.

112. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 112 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

113. Paragraph 113 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

***Ascertainable loss***

114. Defendants deny that they made any fraudulent or deceptive representations and that Plaintiff has suffered any injury. Paragraph 114 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

115. Paragraph 115 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

116. Defendants deny that they made any fraudulent or deceptive representations. Paragraph 116 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

117. Defendants deny that they made any fraudulent or deceptive representations and that Plaintiff has suffered any injury. Paragraph 117 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

118. Defendants deny that Plaintiff has suffered any ascertainable loss. Paragraph 118 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

119. Defendants deny that they made any fraudulent or deceptive representations and that Plaintiff has suffered any injury. Paragraph 119 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

120. Paragraph 120 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

***Statute of limitations***

121. Paragraph 121 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 121 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

122. Paragraph 122 of the Complaint contains mere legal argument and conclusions to which no response is required. The authorities cited in Paragraph 122 of the Complaint speak for themselves. To the extent that any further response is required, Defendants deny the allegations.

123. Paragraph 123 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

***Relief***

124. Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever, including the relief requested in Paragraph 124 of the Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever, including the relief requested in Paragraph 126 of the Complaint.

127. Paragraph 127 of the Complaint contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

128. Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever, including the relief requested in Paragraph 128 of the Complaint. The authorities cited in Paragraph 128 of the Complaint speak for themselves. Paragraph 128 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

129. Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever, including the relief requested in Paragraph 129 of the Complaint. The authorities cited in Paragraph 129 of the Complaint speak for themselves. Paragraph 129 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

130. Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever, including the relief requested in Paragraph 130 of the Complaint. The authorities cited in Paragraph 130 of the Complaint speak for themselves. Paragraph 130 of the Complaint otherwise contains mere legal argument and conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations.

**COUNT II**

**Unjust Enrichment**

**(By Plaintiff and the Class)**

131. Defendants incorporate their responses to Paragraphs 1 to 130 herein.

132. Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever.

133. Defendants deny the allegations in Paragraph 133 of the Complaint.

134. Defendants deny the allegations in Paragraph 134 of the Complaint.

135. Defendants deny the allegations in Paragraph 135 of the Complaint.

136. Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever, including the relief requested in the Complaint.

**JURY DEMAND AND NOTICE TO ATTORNEY GENERAL**

Defendants admit that Plaintiff purports to demand a jury trial on all claims so triable, but deny that any of Plaintiff's claims should go to a jury.

**AFFIRMATIVE DEFENSES**

Without assuming a burden that they otherwise would not have, Defendants assert the following defenses in response to the claims asserted in the above-styled dispute. Defendants' investigation of facts and circumstances surrounding the subject matter of this dispute are ongoing; as such, Defendants reserve the right to amend, modify, revise, or supplement their Answer and Affirmative Defenses to the Complaint, and to plead such further defenses and take such further actions as they may deem proper and necessary in their defense upon the completion of said investigation.

**FIRST AFFIRMATIVE DEFENSE**

(*Lack of Subject Matter Jurisdiction*)

The Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

**SECOND AFFIRMATIVE DEFENSE**

(*Failure to State a Claim)*

The Complaint fails to state facts sufficient to constitute a claim for relief against Defendants.

**THIRD AFFIRMATIVE DEFENSE**

*(Lack of Standing)*

Plaintiff lacks standing to pursue Plaintiff's purported claims and/or seek the relief sought by the Complaint, because, among other things, Plaintiff does not adequately state injury, harm, loss, damages or a misrepresentation by Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

*(Statute of Limitations)*

The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

*(Laches)*

The Complaint is barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

*(Safe Harbor)*

Defendants' conduct is protected by the safe harbor recognized in *Alvarez v. Chevron Corp.*, 656 F.3d 925 (9th Cir. 2011).

**SEVENTH AFFIRMATIVE DEFENSE**

*(Fair Competition/Business Economic Justification)*

Plaintiff's claims, and/or those of the putative class, are barred, in whole or in part, because the conduct alleged in the Complaint constituted fair competition, and was reasonable, based on independent and legitimate business and economic justifications, and without the purpose, intent, or effect of injuring Plaintiff or the putative class.

**EIGHTH AFFIRMATIVE DEFENSE**

*(No Damages)*

Plaintiff and the putative class did not suffer any damages and are not otherwise entitled to any monetary restitution because of any action taken by Defendants.

**NINTH AFFIRMATIVE DEFENSE**

*(Lack of Causation)*

Any damages that Plaintiff or the putative class may have suffered were not directly or proximately caused, in whole or in part, by Defendants, and must be decreased to the extent the acts or omissions of Plaintiff, the putative class, or any third party were the cause of those damages.

**TENTH AFFIRMATIVE DEFENSE**

*(This Action is Not Appropriate For Class Treatment)*

Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because Plaintiff is not an adequate representative, Plaintiff's claims are not typical of the claims of the putative class Plaintiff purports to represent, the putative class is not ascertainable, common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of resolving the controversy, and a class action would be unmanageable.

**ELEVENTH AFFIRMATIVE DEFENSE**

*(Waiver)*

Plaintiff's claims, and those of the putative class, are barred in whole or in part by the doctrine of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

*(Estoppel)*

Plaintiff's claims, and those of the putative class, are barred in whole or in part by the doctrine of estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

*(Adequate Remedy At Law)*

Plaintiff and the putative class have adequate remedies at law, so resort to equitable relief is inappropriate.

**FOURTEENTH AFFIRMATIVE DEFENSE**

*(Failure to Mitigate)*

Plaintiff's and the putative class's claims are barred in whole or in part because Plaintiff and the putative class failed to take reasonable steps to mitigate or prevent the alleged harm, if any.

**FIFTEENTH AFFIRMATIVE DEFENSE**

*(Set-Off)*

The claims of Plaintiff and/or the putative class are subject to set-off of the reasonable value of goods and services that Plaintiff and/or the putative class have received from Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

*(Unclean Hands)*

The claims of Plaintiff and/or the putative class are barred by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

*(Comparative Fault)*

The claims of Plaintiff and/or the putative class are barred to the extent their negligence or fault was a substantial factor in causing the harm alleged.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

*(Bona Fide Error)*

The claims of Plaintiff and/or the putative class are barred, in whole or in part, because any violation of law was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

**NINETEENTH AFFIRMATIVE DEFENSE**

*(Arbitration Agreement)*

The claims of Plaintiff and/or putative class members are barred in whole or in part, or are not within the jurisdiction of this Court, because they are subject to agreement(s) to arbitrate with Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

*(All Obligations Performed)*

Defendants have fully and/or substantially performed any and all obligations they may have owed to Plaintiffs.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

*(No Breach By Defendants)*

To the extent a contract exists between Plaintiff and Defendants, Defendants performed all duties owed under such contract(s) with Plaintiff other than any duties which were prevented or excused, and, therefore, never breached any agreement with Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

*(Unjust Enrichment)*

Plaintiff's requested relief is barred in whole or in part by the doctrine of unjust enrichment.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

*(Truth of Representation)*

Any alleged representations made by Defendants were true and not false or misleading.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

*(Lack of Reliance)*

Plaintiff did not rely on any alleged representations by Defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

*(Lack of Statutory Violation)*

Defendants are not liable for violation of unlawful business practices pursuant to the Oregon Unlawful Trade Practices Act, O.R.S. §§ 646.605 *et seq.*, because their business practices were not unfair, unlawful, deceptive, nor likely to mislead anyone.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

*(Lack of Irreparable Harm)*

Plaintiff cannot demonstrate that she will suffer irreparable harm.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

*(Balance of Equities)*

The balance of equities tips in favor of Defendants and against granting equitable relief to Plaintiff.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

*(Additional Defenses)*

Defendants reserve the right to plead further defenses pending discovery and to assert all other defenses which are available under the Federal Rules of Civil Procedure, and all applicable statutes and laws.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff and the putative class take nothing by this action;

2. That a judgment of dismissal be entered in favor of Defendants and against Plaintiff and the putative class;

3. That Defendants be awarded their costs of suit; and

4. That Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: September 14, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON

*/s/ Abby H. Meyer*
ABBY H. MEYER (*pro hac vice*)
ameyer@sheppard.com
JULIA C. ANDERSON (*pro hac vice*)
janderson@sheppard.com

STOEL RIVES LLP
TIMOTHY W. SNIDER OSB No. 034577
timothy.snider@stoel.com
NICHOLAS R. BOTTCHER OSB No. 245683
nicholas.bottcher@stoel.com

*Attorneys for Defendants Tapestry, Inc. and Coach Services, Inc.*